**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENID RISA BROWN,<br><br>                    Plaintiff,<br><br>     vs.<br><br><br><br>FED EX OFFICE,<br><br>                    Defendant. | CASE NO. 10cv780-MMA(WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DENYING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL;**<br><br>[Doc. No. 3]<br><br>**DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Enid Risa Brown, proceeding *pro se*, has filed a complaint alleging discrimination by a Fed Ex office in La Jolla, California. With the complaint, Plaintiff filed a Motion to Proceed in Forma Pauperis ("IFP") [Doc. No. 2]. All parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the fee only if the plaintiff is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Plaintiff's declaration shows she has insufficient income and assets to pay the filing fee. Accordingly, Plaintiff's motion to proceed IFP [Doc. No. 2] is granted.

The Court is obligated to review a complaint filed IFP and must dismiss it if it determines

1 that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or
2 seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §
3 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).  "[W]hen determining
4 whether a complaint states a claim, a court must accept as true all allegations of material fact and
5 must construe those facts in the light most favorable to the plaintiff."  *Resnick v. Hayes*, 213 F.3d
6 443, 447 (9th Cir. 2000).

7 It appears that Plaintiff is attempting to state a cause of action under the Americans with
8 Disabilities Act ("ADA"),  Plaintiff states that she is disabled and she alleges that Defendant, doing
9 business as a "Fed Ex Office" in La Jolla, California, discriminated against her by not permitting her
10 service dog to enter the store with her on two occasions.  Under the ADA, no "entity shall
11 discriminate against a qualified individual with a disability because of the disability of such
12 individual."  42 U.S.C. § 12112(a).  "Disability" is defined as a "physical or mental impairment that
13 substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).
14 "Major life activities include, but are not limited to, caring for oneself, performing manual tasks,
15 seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning,
16 reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).
17 Plaintiff here fails to allege exactly what disability she suffers from and states only in a conclusory
18 manner her allegation of discrimination regarding her service dog.  Plaintiff must state more than
19 just a conclusory allegation in order to support her claim.  In addition to not describing her
20 disability,  Plaintiff fails to show how her disability impairs one of her major life activities.
21 Therefore, Plaintiff's claim under the ADA is dismissed.

22 In addition, Plaintiff checked the box next to "civil rights" on her complaint cover sheet.  To
23 state a claim pursuant to § 1983, a plaintiff must plead that a defendant acted under color of state
24 law at the time the act complained of was committed and that the defendant deprived the plaintiff of
25 rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Gibson v.*
26 *United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  The statute plainly requires that there be an
27 actual connection or link between the actions of the defendants and the deprivation alleged to have
28 been suffered by plaintiff.  *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo*

1  *v. Goode*, 423 U.S. 362 (1976). Plaintiff's complaint fails to allege any facts to support a civil rights
2  claim, in particular, how Defendant, a non-governmental company, may have been acting under
3  color of state law when refusing to allow her dog inside the store. Therefore, to the extent Plaintiff
4  alleges a violation of her civil rights, the claim is dismissed.

5  Based on the foregoing, Plaintiff's request to proceed in forma pauperis [Doc. No. 2] is
6  **GRANTED**. Further, the complaint is **DISMISSED WITH LEAVE TO AMEND**. As such, the
7  Court **DENIES AS MOOT** Plaintiff's Request for Appointment of Counsel [Doc. No. 3]. Plaintiff
8  is granted **thirty (30) days** from the date this Order is "Filed" in which to file an amended complaint
9  in compliance with this Order. Plaintiff's amended complaint must be complete in itself without
10  reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. If Plaintiff's amended
11  complaint fails to state a claim upon which relief may be granted, it may be dismissed without
12  further leave to amend.

13  **IT IS SO ORDERED**.

14  DATED: April 26, 2010

Hon. Michael M. Anello
United States District Judge